THE STATE, EX REL. THE CITY OF COLUMBUS, *v.* HAUSER ET AL.

CITY TREASURER.—*Action on Bond.—Pleading.—Copy.*—In an action on the bond of the treasurer of a city, the bond itself is the foundation of the action, and may properly be made part of the complaint by copy.

SAME.—*Copy of Ordinance.*—Copies of ordinances of the common council of a city, attached to the complaint in an action on the bond of the treasurer of such city for a failure to account for moneys of the city received by him according to such ordinances, form no part of the complaint, and can not aid its averments.

SAME.—*Presumption.*—Where, in an action by or against a city, the contrary does not appear, it is presumed that such city was incorporated under the general law of this State for the incorporation of cities.

SAME.—*Water-Works Bonds.—Statute Construed.*—Clause 26 of section 53 of the act authorizing the incorporation of cities, 1 R. S. 1876, p. 267, gives to the common councils of cities incorporated under such act no authority to issue, negotiate and sell bonds of such cities for the purpose of obtaining money to construct water-works.

SAME.—*Legalizing Act.—Power of Common Council.*—By the act of January 20th, 1871, Acts 1871, p. 8, bonds of a city, theretofore issued, negotiated and sold by the common council to construct water-works, were legalized and made valid; and it authorized the further issue and sale of all such bonds necessary to complete the same.

SAME.—*Sale of Bonds.—Duties of Common Council and City Treasurer.*—It is the duty of the common council, under such act, and not of the city treasurer, to negotiate and sell such bonds; but he is liable on his bond for moneys received by him from the sale of such bonds, no matter by whom such sale is made.

SAME.—*Principal and Agent.*—The duty of the common council to issue, negotiate and sell such bonds is one which they can not, either by ordinance, resolution or otherwise, delegate to or confer upon the city treasurer or any other officer or person.

SAME.—Where a sale of such bonds is negotiated by a city treasurer under an ordinance, resolution or other appointment designating him by name for that purpose, his acts are simply those of an agent of the common council.

SAME.—*Liability of City Treasurer.*—The city treasurer is not liable on his bond for the mere sale, assignment and delivery by him of such bonds, pursuant to such agency.

SAME.—*Answer.—Contract of Sale of Bonds.*—An answer in an action on the city treasurer's bond for moneys alleged to have been received by him, as such, from the sale of such bonds, alleged, that, by the terms of such negotiation, which was approved by the common council, the pro-

ceeds of such bonds were to and did remain in the hands of the purchaser, to be used only as needed in constructing the water-works, and that the purchaser had become insolvent while the funds in question yet remained in his hands.

*Held,* on demurrer, that the answer is sufficient.

SAME.—*Minutes of Common Council.*—*Parol Evidence.*—The minutes of the proceedings of a common council are only evidence of such proceedings, and, where no such minutes have been made, such proceedings may be proved by parol evidence.

SAME.—*Pleading.*—*Copy.*—Copies of such minutes attached to a complaint form no part thereof.

SAME.—*Reply.*—A reply in such action, averring that there was no record of the acts of the common council alleged in such answer, is insufficient.

SAME.—*Estoppel.*—*Report of City Treasurer.*—The fact that the city treasurer, in reporting to the common council the condition of the fund realized from such sale, had therein charged himself with funds which, under the contract made between the common council and the purchaser of the bonds, yet remained in the hands of the purchaser, does not estop him to deny his liability for such funds.

SAME.—*Cases Doubted or Explained.*—The doctrine as to the conclusive character of official reports of certain officers, as laid down in *The State* v. *Grammer,* 29 Ind. 530, *Wilmer* v. *The State,* 44 Ind. 223, and *The State* v. *Prather,* 44 Ind. 287, is not applicable to the reports of the officers of cities incorporated under the general law of this State.

From the Bartholomew Circuit Court.

*F. T. Hord* and *N. T. Carr,* for appellant.

*R. Hill, S. Stansifer, W. W. Herod* and *F. Winter,* for appellees.

HOWK, C. J.—This was an action in the court below, by the relator of the appellant, as plaintiff, against the appellees, as defendants, on the official bond of the appellee Zachariah H. Hauser, as city treasurer of the city of Columbus.

The appellant's complaint, as found in the record, consists of two paragraphs, the first and the fourth.

To these two paragraphs of complaint the appellees Barrett, Jones and Hiner answered in three paragraphs, and the appellees Hauser, Barrett, Jones and Hiner, also answered in three other paragraphs.

The relator of the appellant moved the court below, in writing, to strike out certain parts of each of these answers, which motions were sustained in part, to which decisions the appellees excepted, and were overruled in part, and to these decisions the appellant's relator excepted.

The relator of the appellant then moved the court below, in writing, for orders requiring the appellees " to separate, paragraph, and number the different and several defences," set out in the different paragraphs of said answers. These motions were overruled, and exceptions were saved by appellant's relator to these decisions.

The demurrers of appellant's relator to the several paragraphs of the joint answer of the appellees, for the want of sufficient facts therein to constitute defences to this action, were overruled as to each of said paragraphs, and said relator excepted to these decisions; and said relator's demurrer to the separate answer of the appellees Barrett, Jones and Hiner, for the insufficiency of the facts therein, was sustained by the court below, and said appellees excepted to this decision.

The appellant's relator replied, in two paragraphs, to the appellees' joint answer,—

1. A general denial; and,

2. An affirmative reply.

The appellees demurred to the second reply, for the want of sufficient facts therein to constitute a reply, which demurrer was sustained by the court below to the first and fourth paragraphs of the complaint, and the appellant's relator excepted to this decision; and the appellant's relator, failing and refusing to amend its complaint, a judgment was rendered by the court below for the dismissal of this action, and in favor of the appellees for their costs in this action.

In this court, errors and cross errors, which call in question all the aforementioned decisions of the court below,

have been assigned by the appellant's relator, and by the appellees. As the several questions presented for our consideration by these errors and cross errors relate chiefly to the sufficiency of the pleadings of the parties, we find it necessary to a proper understanding of those questions, that we should first give a full statement of those pleadings. Accordingly we set out in full the first and fourth paragraphs of the complaint, as follows:

" 1. The State of Indiana, on the relation of The City of Columbus, complains of Zachariah H. Hauser, William McEwen, Archie McEwen, Stinson J. Barrett, Smith Jones and James F. Hiner, and says that the said City of Columbus is a municipal corporation, duly organized under the laws of the State of Indiana providing for the incorporation of cities, and that, on the 4th day of May, 1869, the defendant Zachariah H. Hauser was duly elected to the office of treasurer of the city of Columbus, for the term of two years, and thereupon took and filed his oath of office and official bond, and entered upon the duties thereof; that he continued to discharge said duties until the 2d day of May, 1871, when his said term expired by operation of law; and upon which said day he was duly re-elected to said office of treasurer of the city of Columbus, as his own successor for the term of two years therefrom; that, on the 25th day of May, 1871, he took and filed his oath of office, as said treasurer, and executed his official bond in the penal sum of thirty thousand dollars, conditioned for the faithful performance of the duties of said office, and that he would pay over all moneys received by him according to law and the ordinances of said city, and duly acknowledged the execution of the same before Amos Burns, mayor of said city, with William McEwen, Archie McEwen, Stinson J. Barrett, Smith Jones and James F. Hiner as sureties thereon, each of which of said named sureties, on said day, before the said Amos Burns, mayor as aforesaid, severally acknowledged

themselves as such sureties, a copy of which such bond is filed herewith, marked 'Exhibit B,' and made a part hereof; that immediately thereupon the said Hauser re-entered upon the duties of said office, and continued the same until the —— day of May, 1873, when his term expired by limitation of law, and Alexander H. Kraining was elected his successor, and who duly qualified himself and entered upon the duties of his said office; that, upon the 27th day of September, 1870, the common council of the city of Columbus duly passed, by a two-thirds vote thereof, and adopted, an ordinance entitled 'An ordinance to provide for the construction of water-works,' a copy of which said ordinance is filed herewith and made part hereof, marked 'C,' which said ordinance duly authorized the treasurer of the city of Columbus to negotiate the sale, and to sell, the bonds of said city to the amount of fifty thousand dollars, for the use and benefit of said city; that, on the 7th day of February, 1871, and during the continuance of said defendant Hauser in office, said defendant, as such treasurer aforesaid, did negotiate the sale, and did sell, fifty thousand dollars of said bonds, and did receive therefor, for the use of said city and as such treasurer, the sum of fifty thousand dollars in money; that, on the 26th day of June, 1871, the common council of the city of Columbus passed and adopted an ordinance, entitled 'An ordinance supplemental to an ordinance entitled "An ordinance to provide for the construction of water-works,"' passed by the common council on the 27th day of September, 1870,' a copy of which said ordinance is filed herewith, and made part hereof; marked 'Exhibit D,' which said ordinance duly authorized the treasurer of said city to negotiate the sale and to sell the bonds of said city to the amount of fifteen thousand dollars, for the use and benefit of said city; that, on the 3d day of July, 1871, the said defendant Hauser, during his said continuance in office as

such treasurer aforesaid, did negotiate the sale and did sell the bonds of said city, to the amount of fifteen thousand dollars, and did receive therefor, for the use and benefit of said city, and as such treasurer, the sum of fifteen thousand and seventy-five dollars in money; that, on the —— day of May, 1873, the defendant Hauser's term of office expired as aforesaid, by limitation of law, and his successor was duly elected and qualified as aforesaid, and yet the said defendant Zachariah H. Hauser, treasurer as aforesaid, has not faithfully and honestly performed the duties of his said office, and has not paid over all moneys received by him as such treasurer, according to law and the ordinances of said city, as required by said bond obligatory, but did commit and make a breach of said official bond, in this :   That he has failed and wholly refused to pay over to his successor in office, and to all persons and legally constituted authorities to receive the same, the sum of five thousand dollars of the money so received by him as such treasurer, from the sale of the fifty thousand-dollar bonds authorized by the ordinance marked ' Exhibit C,' and still fails and refuses to pay the same or any part thereof; and that he has failed and wholly refused to pay over to his successor in office, and to all persons and legally constituted authorities to receive the same, the sum of fifteen thousand and seventy-five dollars received by him as such treasurer from the sale of the bonds sold pursuant to the ordinance marked ' Exhibit D,' and still fails and wholly refuses to pay over the same, or any part thereof, to his successor in office, or to any person or duly constituted authority to receive the same, but wrongfully and unlawfully withholds the said sum of twenty thousand and seventy-five dollars, to the damage of said plaintiff thirty thousand dollars. Wherefore plaintiff demands judgment for thirty thousand dollars, and all proper relief."

" 4.   The plaintiff, for further complaint herein, says,

that the relator is a municipal corporation, duly organized under the laws of the State of Indiana; that, on or about the 2d day of May, 1871, the defendant Zachariah H. Hauser was duly elected treasurer of the city of Columbus, and on the 25th day of May, 1871, he executed his bond to the said relator, as such treasurer, with William McEwen, Archie McEwen, Stinson J. Barrett, Smith Jones and James F. Hiner, his sureties, who duly acknowledged the execution thereof before Amos Burns, the mayor of said city; a copy of said bond is filed herewith, and made part hereof; that he entered on the duties of his said office; that in said bond it is provided, that, if the said Hauser shall faithfully and honestly perform the duties of said office, and pay over all moneys received by him according to law and the ordinances of said city, then said obligation to be null and void, otherwise to remain in full force; that, on the 27th day of September, 1870, the common council of the said city of Columbus passed an ordinance to provide for the construction of water-works, and thereafter, on the 26th day of June, 1871, the said common council adopted an ordinance supplemental to said ordinance, for the purpose of raising money to complete said water-works; copies of said ordinances are made part hereof; that, by said last ordinance, it was provided, that the bonds of said city be issued, to the amount of $15,-000, in denominations of one thousand dollars each, with coupons for interest thereon annexed, to bear interest at the rate of ten per cent. per annum, payable semi-annually at the banking house of Winslow, Lanier & Co., in the city of New York. The said bonds were to be issued and sold at not less than par. It was further provided, that all money arising from the sale of said bonds should be paid into the city treasury, and that said bonds, when so issued, should be charged to said treasurer, on the books

of the clerk, as so much money, and the same should be negotiated and sold by said treasurer.

" Plaintiff charges and avers that said bonds were, on the ————day of ————, 1871, duly issued and placed in the custody and control of said treasurer, as provided by said ordinance; that the said Hauser, treasurer aforesaid, under and pursuant to said ordinance, and while acting as treasurer as aforesaid, sold all said bonds and assigned and transferred the same to the purchaser, and delivered the the same to him.   And plaintiff avers, that, on the 2d day of May, 1873, the office of said Hauser, as treasurer, expired, and one Alexander H. Kraining was duly elected as his successor; that the said Hauser did not honestly and faithfully perform the duties of his said office, and pay over, as required by his said bond; that he failed and refused to account to his said successor in office for the said bonds, or any part thereof; that he failed and refused to account for and pay over to his said successor the value or proceeds of said bonds, or any portion thereof, although duly requested; that he did not, during his said term of office, pay out on warrants, properly drawn upon him, any of the proceeds of said bonds, or any money on account thereof; that $15,000, on account of said bonds, is now due the relator, and is wholly unpaid, and plaintiff demands judgment for thirty thousand dollars and all proper relief."

The bond sued on was in the penal sum of thirty thousand dollars, and was payable to the State of Indiana.   It was dated on the 22d day of May, 1871, and was acknowledged by the appellees on the 25th day of the same month. The condition of this bond was as follows:

" The conditions of the above obligation are such, that whereas the aforesaid Zachariah H. Hauser was, on the 2d day of May, 1871, elected treasurer of the city of Columbus for the term of two years, and until his successor is duly elected and qualified: Now, therefore, if the said

Zachariah H. Hauser shall faithfully and honestly perform the duties of said office, and pay over all moneys received by him according to law and the ordinances of said city, then this obligation shall be null and void; otherwise to remain in full force and virtue in law."

Copies of the ordinances mentioned in the complaint are in the record. These ordinances are correctly described in the complaint, and we need not set them out in this opinion.

Each of the ordinances provided for the issue and sale of certain described bonds of the city of Columbus, the appellant's relator; and each of them also provided, that all money arising from the sale of said bonds should be paid into the city treasury of said city, and disbursed, as other funds, upon the warrant of the mayor and clerk.

The appellees' defense in this action can be best stated, we think, in their own language; and therefore we set out, in full, their joint answer as follows:

"The defendants Hauser, Barrett, Jones and Hiner, for answer to the first paragraph of complaint, say, that, on the 30th day of December, 1870, after the adoption of said ordinance of September 27th, 1870, providing for the issue and sale of water-works bonds, said common council of said city of Columbus superseded the provisions of said ordinance, in so far as they provided for the negotiation and sale of said bonds by the defendant Hauser, by ordering and directing the city attorney of said city, as their agent, to proceed to Indianapolis and ascertain upon what terms said bonds could be sold; in pursuance of which order said attorney did enter into negotiations, as agent of said common council, for sale of the bonds mentioned in said ordinance, and in the course of such negotiations obtained from Woollen, Webb & Co., bankers, of Indianapolis, a proposition to purchase said bonds at par, provided said common council would permit the price thereof to

remain in their bank, at Indianapolis, and not draw the same out for any other purpose than the construction of said water-works, and no faster than was required for that purpose, in consideration of which they would pay to said city interest on the price of said bonds while they remained in their hands, at the rate of four per cent. per annum; which proposition said attorney, on, to wit, the 2d day of January, 1871, reported to said common council, which said body thereafter, to wit, on the 26th day of January, 1871, by an order duly entered of record in their minutes, accepted said proposition of said Woollen, Webb & Co., and directed the defendant Hauser, then treasurer of said city, as their agent and in no other capacity, to sell the bonds of said city, provided for by said ordinance, to the amount of $45,000.00, to said Woollen, Webb & Co., upon the terms of their said proposition, or to any other responsible parties upon equally favorable terms. Thereafter, to wit, on the 7th day of February, 1871, said defendant Hauser, in pursuance of said last mentioned order and by no other or different authority, sold and delivered to Messrs. McEwen & Sons, bankers, at Columbus, Indiana, said bonds of said city, to said amount, upon terms and conditions identical, in every respect, with those so as aforesaid offered by said Woollen, Webb & Co., and accepted by said common council, to wit, said McEwen & Sons purchased said bonds at par, upon condition that the price of the bonds should be retained by them in their bank, and only be drawn out by said city for the construction of said water-works, and no faster than required for that purpose, said McEwen & Sons to pay to said city interest on the price of said bonds, while it so remained in their hands, at the rate of four per cent. per annum. Thereafter, to wit, on the 9th day of February, 1871, said defendant Hauser reported orally to said common council, then being in formal session, the fact of such sale and the full terms thereof as

herein stated, and said common council formally approved the sale; and thereafter, to wit, on the ——— day of March, 1871, said defendant embraced in his report as treasurer for the month of Februrary,1871, a statement of the fact and terms of such sale, as above stated, and said common council thereafter, on the ——— day of March, 1871, again approved the same.

"The defendant further avers, that, after said common council had adopted the ordinance providing for a second series of water-works bonds, as mentioned in complaint, said common council themselves, on the 1st day of July, 1871, while in formal session, sold the entire amount of bonds, provided for by said ordinance, to said McEwen & Sons, upon terms and conditions the same in every respect as those upon which they had purchased said first series of bonds, as herein set forth, and said bonds then being in the possession of said McEwen & Sons, for safe-keeping for said city, they, said McEwen & Sons, thereupon assumed the ownership and property thereof, and sold the same to third parties; and defendents aver, that the defendant Hauser had no connection with the sale of said second series, in any capacity whatever.

"Defendants aver that said common council continuously recognized and regarded the conditions upon which both said series of bonds had been sold, and did not draw out of the hands of said McEwen & Sons any portion of the proceeds of said bonds for any other than water-works purposes, or any faster than was required for that purpose; that whatever portion was so drawn out by said common council was duly expended by them in the construction of said water-works, and none whatever thereof ever came into the hands of the defendant Hauser, as treasurer of said city, or in any other capacity; that all of the proceeds of said bonds not so expended by said common council, prior to the 29th day of

August, 1871, and being the sum of, to wit, $20,000.00, remained on said day in the hands of said McEwen & Sons, a debt from them to said city, and defendants aver, that, on said day, said McEwen & Sons suspended payment and became insolvent, and have at no time paid to said city, or to the defendant Hauser, as treasurer, or in any other capacity, any part of said debt, but still owe the entire amount thereof to said city. And the defendants aver that the water-works bonds and money arising therefrom, mentioned in said first paragraph of complaint, are the same herein mentioned, and not other or different.

"2.  The defendants, for further answer to so much of said first paragraph of complaint as relates to said second series of bonds, and for answer to the fourth paragraph of complaint, say, that said bonds came into the hands of the defendant Hauser, for negotiation and sale as agent of the common council of said city of Columbus, and not as treasurer of said city, and were sold by him as such agent to McEwen & Sons, bankers, at Columbus, Indiana, on, to wit, the 1st day of July, 1871, upon the following terms and conditions, to wit: Said McEwen & Sons purchased said bonds at par, upon condition that the proceeds thereof should be allowed by said common council to remain in their bank, and not be drawn out or expended for any other purpose than the construction of said water-works, and no faster than was required for said purposes; said McEwen & Sons, in consideration thereof, agreeing to pay said city interest on said proceeds at the rate of four per cent. per annum.  Thereafter, on the same day, the common council of said city, having full knowledge of the terms of such sale, ratified and approved the same, and defendants aver that said common council continuously thereafter recognized and regarded said contract, and did not draw out of the hands of said McEwen & Sons any part of the proceeds of said bonds for any other purposes than the

construction of said water-works, or any faster than was needed for that purpose; and that all of the proceeds of said bonds not so drawn out and expended by said common council, prior to the 29th day of August, 1871, remained and were on said day in the hands of said McEwen & Sons, and not in the hands of the defendant Hauser, as treasurer, or in any other capacity; and defendants aver, that on said day said McEwen & Sons suspended payment and became insolvent, and that they still owe said city all of the proceeds of said bonds not so, as aforesaid, drawn out and expended by said common council; and defendants aver that said second series of water-works bonds and the money arising therefrom, mentioned in said first and fourth paragraphs of complaint, are the same herein mentioned, and not other or different;

"3. For further answer to fourth paragraph of complaint, said defendants say, that, to wit, on the 1st day of July, 1871, the bonds mentioned in said paragraph of complaint were signed and sealed by the mayor and clerk of said city, and by them deposited with Messrs. McEwen & Sons, bankers, at Columbus, Indiana, for safe-keeping, and that thereafter, but on the same day, the common council of said city, and not the defendant Hauser, sold said bonds to said McEwen & Sons, upon the following terms and conditions, to wit: Said McEwen & Sons purchased said bonds at par, upon conditions that the said common council would permit the proceeds thereof to remain in their hands, and not draw the same out for any other purpose than the construction of the water-works of said city, nor any faster than was required for that purpose, in consideration of which they would pay to said city interest on said proceeds at the rate of four per cent. per annum, and thereupon said McEwen & Sons took possession of said bonds as their own property under said contract.

"Defendants aver that said common council continuously thereafter recognized and regarded said contract, and did not draw upon said McEwen & Sons for any part of the proceeds of said bonds for any other purpose than the construction of said water-works, or any faster than was required for that purpose; that whatever portion of said money was drawn out of the hands of said McEwen & Sons was drawn out by said common council, and was all expended by them in the construction of said water-works, and none whatever thereof ever came into the hands of the defendant Hauser as treasurer of said city or in any other capacity. That all the proceeds of said bonds not so drawn out and expended by the common council prior to the 29th day of August, 1871, remained on said day in the hands of said McEwen & Sons, a debt from them to said city, and defendants say, that on said day said McEwen & Sons suspended payment and became insolvent, and that they still owe to said city all of the proceeds of said bonds not so drawn out and expended by said common council. Defendants further say, the matters herein stated are the same mentioned in said paragraph of complaint, and not other or different."

As we have already said, the appellant's relator, after several intervening motions to strike out parts of the foregoing answers, and to separate the same into other paragraphs, and after demurring to said answers, replied thereto, in two paragraphs. The first reply was a general denial, but the second reply set up new and affirmative matter. We set out in full this second reply, because we think it necessary to an intelligible presentation of the questions involved in this cause, and of our views thereon   This second reply is as follows:

"2.   The plaintiff, for further reply to the first, second and third paragraphs of defendants' joint answer, says: The ordinance No. 120, filed with the complaint herein,

and marked ' Exhibit C, is the sole and only order, ordinance, resolution or motion enacted or adopted by the said common council, in relation to the issue of the first series of water-works bonds; and that, in pursuance of said ordinance, and by virtue of no other authority, the defendant Zachariah H. Hauser, as treasurer of the city of Columbus and not otherwise, on the 7th day of February, 1871, sold said series of bonds to McEwen & Sons, and on the 9th day of February, 1871, said Hauser reported to the common council the sale thereof, and the only entry or action made by said common council in regard thereto was only and solely that said Hauser, as treasurer, had received said bonds, forty-five in number, amounting to $45,075, and that he had sold said bonds to William McEwen at par and the accrued interest, and receiving therefor the sum of $45,-075, a copy of said entry is made a part hereof, marked B,' which said entry charges said Hauser with said money as received by him, and the said council did not then, nor at any other time prior nor subsequent thereto, make any order, resolution, motion or ordinance, instructing or requiring said Hauser to keep or continue the money received for said bonds in the bank of McEwen & Sons, but at all times permitted and allowed said Hauser to have full and complete control of said funds, and if said Hauser did allow or permit said money to remain in said bank, he did it on his own motion ; and in regard to so much of said first and second and third paragraphs of joint answer as relates to the second issue of bonds mentioned in complaint, plaintiff says said defendant Hauser, on the 3d day of July, 1871, sold and disposed of the same, as treasurer of said city and not otherwise or differently, under and by virtue of ordinance number 133, filed with complaint and marked ' Exhibit D,' and not otherwise or by any other or subsequent ordinance, resolution or motion of said council, and that, on said 3d day of July, 1871, he reported said sale to said common council,

whereupon said council made an order or entry in relation thereto, that the sale of said water-works bonds, made by the treasurer to McEwen & Sons at par, was approved, and the clerk was ordered to charge the amount, $15,000.00, to the treasurer, on his books, a copy of which entry is made a part hereof, and marked ' A,' and no other or different ordinance, order, resolution or motion was made by said council in relation thereto, and no motion, resolution or ordinance was at any time passed or adopted by said council, requiring said treasurer to keep or continue said money in the bank of said McEwen & Sons, or any other banking establishment, and if said Hauser did keep or continue said money in the hands of said McEwen & Sons, he did the same on his own motion.

" And, on the 1st day of June, 1871, the said Hauser, as treasurer of that city, made his report to the common council of the city of Columbus, wherein he made his statement of the condition of the finances of said city, showing the money in his hands as such treasurer, and under his control, showing at said time in his hands as such treasurer, of water-works funds derived from the sale of said first series of bonds, as a balance still left after certain expenditures, the sum of $10,826.35, a copy of which report is filed herewith and made part hereof, marked ' C,' there having been no other or different funds at that time, raised by the common council for said water-works, than that raised by the sale of said first series of bonds; and on the 1st day of July, 1871, the said Hauser, as treasurer aforesaid, made his other and subsequent written report to the said common council, wherein he shows a balance in his hands and under his control as treasurer, and in the treasury, derived from the sale of said first series of bonds, the sum of $8,918.15, a copy of which report is filed herewith and made part hereof, marked ' D;' and on the 1st day of August, A. D. 1871, said Hauser, as treasurer aforesaid,

made his report to the common council, charging himself with the said sum of $8,918.15, reported in his former report of water-works funds derived from the sale of the first series of bonds, and also charging himself, as such treasurer, with the additional sum of $15,000.00, as the proceeds of the sale of the second series of water-works bonds, showing the same to be in the city treasury, and in his hands and under his control as treasurer of said city, and on said day, and in said report, shows there to be in his hands as such treasurer, as the proceeds of the sale of both said series of bonds, the sum of $20,693.53, as a balance belonging to said water-works funds, a copy of which said report is filed herewith and made a part hereof, marked ' E,' all of which show that he charges himself in said reports with said sum of money, on account of said bonds, as received by him as said treasurer, and which said sum of money is the money sued for in this action, and not other or different."

The errors and cross-errors assigned upon the record of this cause fairly present, for our consideration and decision, the following controlling questions:

1.   Are the facts stated in the first and fourth paragraphs of the complaint, or either of them, sufficient to constitute causes of action?

2.   Are the facts stated in the three paragraphs, or either of them, of the joint answer of all the appellees sufficient to constitute defenses to the appellant's action?

3.   Are the facts stated in the second paragraph of the appellant's reply to the appellees' joint answer sufficient to constitute a reply thereto?

These three questions we will consider and decide in their enumerated order, and in so doing we will make our opinion as brief as we can, consistently with a fair and intelligible presentation of the grounds of our decision.   In this connection it will not be improper for us to acknowl-

edge, as we take pleasure in doing, the invaluable assistance we have received, in our examination of this cause, from the able and exhaustive briefs of the learned counsel of the respective parties.

1. We may remark in the outset, as applicable to both paragraphs of the complaint remaining in the record, that the treasurer's bond in suit is the foundation of this action. The copy of this bond, filed with the complaint, is therefore properly in the record. But the copies of certain ordinances of the city of Columbus, which were filed with the complaint as exhibits, were, in no proper sense, the foundation of the action.

These copies of ordinances did not, therefore, become parts of the record, and can not be considered in determining the sufficiency of either of the said paragraphs of the complaint, except in so far as the contents of the said ordinances may be stated and set forth in the body of the paragraph. This is now the settled doctrine in this State. 2 R. S. 1876, p. 73, sec. 78; *Brooks* v. *Harris*, 41 Ind. 390; *Trueblood* v. *Hollingsworth*, 48 Ind. 537; and *Wilson* v. *Vance*, 55 Ind. 584.

In the first paragraph of the appellant's complaint, it is alleged, as a breach of the bond in suit, that, on the 27th day of September, 1870, the appellant's relator duly passed, by a two-thirds vote of its common council, "An ordinance to provide for the construction of water-works," which ordinance duly authorized the treasurer of said city to negotiate and sell the bonds of said city, to the amount of fifty thousand dollars, for the relator's use and benefit; and that, on the 7th day of February, 1871, the appellee Hauser, as treasurer of said city, did negotiate and sell fifty thousand dollars of said bonds, and received therefor, for the use of said city and as its treasurer, fifty thousand dollars in money; and that, on June 26th, 1871, the common council of said city passed an ordinance supplemental to said

ordinance to provide for the construction of water-works, which supplemental ordinance duly authorized the treasurer of said city to negotiate and sell the bonds of said city, to the amount of fifteen thousand dollars, for the use of said city; that, on the 3d day of July, 1871, the appellee Hauser, as such city treasurer, negotiated and sold said city bonds, to said amount of fifteen thousand dollars, and received therefor, for the use of said city, as such city treasurer, fifteen thousand and seventy-five dollars in money; that afterward, on the —— day of May, 1873, when the term of office of the appellee Hauser, as such city treasurer, had expired by limitation, and his successor in said office had been duly elected and qualified, the said appellee Hauser had not faithfully and honestly performed the duties of his said office, and had not paid over to his successor all moneys received by him, as such treasurer, according to law and the ordinances of said city, in this : That he had failed and refused to pay over to his successor in office, or to any one authorized to receive the same, the sum of five thousand dollars of the moneys so received by him, as city treasurer, from the said sale by him of the first issue of said city bonds, and the said sum of fifteen thousand and seventy-five dollars so received by him, as such treasurer, as the entire proceeds of the second issue of said bonds, or any part thereof.

At the time of the adoption of the first ordinance, mentioned in the first paragraph of the appellant's complaint, by the common council of the city of Columbus, to wit, on the 27th day of September, 1870, the only authority for the passage of said ordinance was the *twenty-sixth* clause of section 53 of the general law for the incorporation of cities, approved March 14th, 1867.

It does not appear from the averments of the complaint, that the city of Columbus was incorporated under the general law for the incorporation of cities; but, as the contrary

does not appear, we assume that it was so incorporated. *Lowrey* v. *The City of Delphi*, 55 Ind. 250.

In this clause 26 of section 53 of such general law, it is provided that the common council of any such city shall have the power to enforce ordinances, " To construct and establish works for furnishing the city with wholesome water, and for the purpose of drainage of such city may go beyond the city limits and condemn lands and materials and exercise full jurisdiction, and all the necessary power therefor, or the common council may authorize any incorporated company or association to construct such works, and in such case the city may become part stockholder in any such company or association." 1 R. S. 1876, p. 291.

It is clear, we think, that this provision did not authorize the common council of the city of Columbus, at the time of the adoption of its first ordinance, to issue, negotiate and sell the bonds of said city, for the purpose of raising money for the construction of the water-works provided for in said ordinance.

A municipal corporation can not, without express legislative authority, issue, negotiate and sell its corporate bonds, for any purpose. *The City of Aurora* v. *West*, 22 Ind. 88.

After the adoption of said first ordinance, and before the negotiation and sale of any of the city bonds provided for in said ordinance, as alleged in said complaint, to wit, on January 20th, 1871, an act was approved to legalize the bonds of cities issued to aid in the construction of water-works, and the sale and hypothecation of such bonds, etc. Session Acts 1871, p. 8.

The title of this act is more comprehensive than the act itself; while the preamble of the act, by its terms, is limited solely to the city of Laporte. This act contains two sections, as follows:

" Section 1.   Be it enacted by the General Assembly of the State of Indiana, That all ordinances, resolutions and orders heretofore passed by the common council of said city of Laporte, or any city in this State for issuing, selling, pledging or hypothecating the bonds of said city, to aid in the construction of water-works, and each and every one of them are hereby legalized and made valid ; and all bonds which have been issued, sold, pledged or hypothecated under or in pursuance of any such ordinances, resolutions or orders of such common council, and each and every one of them are hereby legalized and made valid ; and the common council is hereby authorized to issue, and sell all such bonds of said city, as in their judgment, may be necessary to carry out and perform any and all contracts heretofore made in and about the construction of such water-works, and to fully complete said works."

Section 2 of said act contained an emergency clause, and a proviso which has no bearing on any of the questions in this case.

It can not be questioned, we think, that the provisions of said act legalized and made valid the ordinance theretofore passed by the common council of the city of Columbus for the issue, sale, pledge or hypothecation of the bonds of said city, to aid in the construction of water-works; nor can it be questioned, that the bonds of said city which had been issued, sold, pledged or hypothecated, under and in pursuance of said ordinance, were, by said act, legalized and made valid.

As the object of said act was to enable such cities as had, under mistaken views of their powers, entered into contracts for the construction of water-works before the passage of said act, to fully complete said works, it seems to us that the act should be construed as if it provided, in express terms, that the common council of any such city should be authorized to issue and sell all such bonds of

The State, *ex rel.* The City of Columbus, *v.* Hauser *et al.*

said city as, in their judgment, might be necessary to carry out such contracts and to complete such water-works This was the construction given to the act in question by this court, in the case of *Daily* v. *The City of Columbus*, 49 Ind. 169, and we think it is the proper construction. It follows, therefore, that both the issues of the bonds of the city of Columbus, set out and described in the first paragraph of the appellant's complaint, were made legal and valid by the provisions of the act above quoted, and that the common council of said city were thereby fully authorized to negotiate and sell all such bonds of said city, as in their judgment might be necessary to carry out the previous contracts for the construction of the water-works, and to complete said works.

It is claimed by the appellees, that it was no part of the official duty of the appellee Hauser, as treasurer of the city of Columbus, to negotiate and sell the water-works bonds of said city; and, in this position, we think that the appellees are clearly right. There are several provisions of the general law for the incorporation of cities, which indicate and define the duties of the treasurers of cities organized and existing under such law. Thus, in section 31 of said act, it is provided, that " The treasurer shall receive all moneys, notes, bonds and orders belonging to the city, and keep an accurate account of the amounts received and paid out by him, and no money shall be paid out of the treasury by him, except upon an order signed by the mayor, or presiding officer of the common council, and countersigned by the clerk." 1 R. S. 1876, p. 281.

Again, in section 32 of the same act, it is provided, that "All moneys due to or collected for such city on any account whatever, shall be paid to the city treasurer," etc. 1 R. S. 1876, *supra*.

In the last clause or sentence of section 33 of the same act, it is further provided, that the city treasurer " shall

also, at his own peril, keep the moneys of the city safely."
1 R. S. 1876, p. 282.

And in section 45 of said act, it is 'also provided, that
the city treasurer, as well as certain other city officers,
shall " execute a bond, with approved security, payable to
the State of Indiana, in such penal sum as the common
council shall, by resolution or ordinance, order and direct,
conditioned for the faithful performance of the duties of
his office, and the payment of all moneys received by him
according to law and the ordinances of such city." 1 R. S.
1876, p. 285.

It will be readily seen, we think, from a careful exami-
nation of the general law in relation to incorporated cities,
that the official duties, imposed by statute upon the treas-
urers of such cities, are confined to the collection, receipt,
safe-keeping and proper disbursement of the city revenues,
and to matters immediately connected therewith. It seems
very clear to us, that it was no part of the official duty of
the appellee Hauser, as treasurer of the city of Columbus,
to negotiate and sell the water-works bonds of said city;
nor could the common council of said city, by any act,
resolution or ordinance, impose such duty upon said ap-
pellee, as such treasurer, in his official character, and in
such manner as to make it his official duty.

In section 53 of the general law for the incorporation of
cities, it is provided, in prescribing the powers and duties,
of the common council, that " They shall have the manage-
ment and control of the finances of the city, and of all
property, real and personal, belonging thereto." 1 R. S.
1876, p. 288. In the act, above quoted, of January 20th,
1871, which legalized and gave validity to the water-works,
bonds of the city of Columbus, described in the complaint,,
it was expressly provided, that the common council of the
city were thereby authorized to issue and sell all such,
bonds of said city, as in their judgment might be neces-

sary to carry out and perform the contracts theretofore made for the construction of the water-works, and to fully complete said works. *Supra.* The power thus expressly conferred upon the common council of the city of Columbus, to issue and sell the water-works bonds of said city, was clearly a power which the common council could not delegate to any third person. *The Evansville, etc., R. R. Co.* v. *The City of Evansville,* 15 Ind. 395, on p. 418, and authorities there cited. It is true, that the common council might, in such case, appoint an agent to act for them and in their behalf, in the issue and sale of the bonds; but the acts, when done, were not the less the acts of the common council. It would seem, in this case, from the allegations of the complaint, that the common council of the city of Columbus had appointed the treasurer of said city, *eo nomine,* their agent to negotiate and sell the said water-works bonds; and that the appellee Hauser, who was then treasurer of said city, accepted such agency and negotiated and sold the said bonds. But it seems clear to us, that the action of the common council of the city of Columbus, in designating and authorizing the treasurer of said city to negotiate and sell the said water-works bonds, did not charge the appellee Hauser, then treasurer of said city, with any official duty, as such treasurer, in the premises; nor did the action of said appellee, in the negotiation and sale merely of said bonds, charge him officially, as city treasurer, with any responsibility in the premises, but only in his individual character, as the agent of the common council by their appointment.

But, in the first paragraph of the complaint it was alleged, not only that the appellee Hauser, as city treasurer, had negotiated and sold the water-works bonds of said city, but that he, as such treasurer, had received the amount and proceeds of the sale of said bonds, in money; and that, at the expiration of his term of office, he had

failed and refused to pay over to his successor in office, or to any person lawfully authorized to receive the same, five thousand dollars of the proceeds of the first issue of said bonds, and the entire proceeds of the second issue of said bonds. As we have seen, both the said issues of bonds were authorized by the provisions of the above quoted act of January 20th, 1871. The bonds were all legal and valid, and the common council of the city of Columbus were fully authorized by law to issue, negotiate and sell as many of such bonds as, in their judgment, might be necessary to secure the completion of the city's water-works. If the bonds were issued and sold for money, by the authority of the common council, it was immaterial, as it seems to us, by whom they were thus sold. If the money, derived from the sale of such bonds, was received by the appellee Hauser, the then treasurer of said city of Columbus, as alleged in the first paragraph of the complaint, it was immaterial, as it seems to us, from whom said appellee received such money. He received it officially, and could not receive it otherwise than as the treasurer of said city, and he and his sureties became responsible therefor, on his official bond.

In our opinion, therefore, the facts stated in the first paragraph of the appellant's complaint were sufficient to constitute a cause of action against all the appellees.

The fourth paragraph of the appellant's complaint differs very materially, in its allegations, from the first paragraph thereof. In this fourth paragraph the appellant's relator, in alleging a breach of the bond in suit, only charged that the appellee Hauser, treasurer of the city of Columbus, at the expiration of his term of office, had failed and refused to account for and pay over to his successor in office, or to any one authorized to receive the same, the value or proceeds of the second issue of fifteen thousand dollars of said city bonds, or any portion thereof. It was alleged

in said fourth paragraph, that "Said bonds were, on the —— day of ——, 1871, duly issued and placed in the custody and control of said treasurer, as provided by said ordinance; that the said Hauser, treasurer aforesaid, under and pursuant to said ordinance, and while acting as treasurer as aforesaid, sold all said bonds, and assigned and transferred the same to the purchaser, and delivered the same to him." These are all the allegations, in the fourth paragraph of the complaint, in relation to the sale of the city bonds. They do not show any act done by the appellee Hauser, which he could have done officially, as treasurer of the city of Columbus. The common council of said city were alone authorized by law to issue and sell said bonds. If the appellee Hauser sold said bonds, and assigned and delivered the same to the purchaser, as alleged in said paragraph, it is clear, we think, that he made such sale and delivery solely as the agent of the common council, and that he did not do so either as the treasurer of said city or in any other capacity than as such agent. For what he may have thus done, as the agent of the common council, it is certain that he could not be held liable officially, as treasurer of said city, and that neither he nor his sureties could be held responsible therefor on his official bond. There was no averment in this fourth paragraph of the complaint, that any money was ever received by the appellee Hauser, as treasurer of said city, from the sale of said city bonds, or of any of them.

We are clearly of the opinion, that the fourth paragraph of the appellant's complaint did not state facts sufficient to constitute a cause of action against the appellees or either of them.

2. What we have said, in discussing the sufficiency of the appellant's complaint, leads us almost inevitably to the conclusion that the facts stated in the different paragraphs of the appellees' joint answer were sufficient to constitute

good and complete defences to the appellant's action.. We have seen, that, under the provisions of the statute which legalized and made valid the water-works bonds of the city of Columbus, the common council of said city were alone authorized to issue and sell said bonds. We have seen, that, under the law, it was not the official duty of the appellee Hauser, as the treasurer of said city, to issue and sell the said city bonds, and that the common council could not charge him, as such treasurer, with the discharge of any such duty. We have seen, that the common council could not delegate the authority, conferred on them alone by the statute to sell the said water-works bonds, to the appellee Hauser, as such city treasurer. We have seen that, whatever the appellee Hauser did or could do in the negotiation and sale of the said bonds, he did and could do only as the agent of the common council, and not by virtue of his office as treasurer of said city. In the light of these conclusions, it is clear to our minds that the appellees' joint answers stated facts which, if true, and the demurrers thereto admitted their truth, constituted full and complete defenses to the appellant's complaint. We have set out these answers elsewhere, in this opinion, and we need not here repeat them. The gist of the appellees' defence, as stated in their joint answers, was, that the appellee Hauser, as the agent of the common council of the city of Columbus, sold the said water-works bonds to Messrs. McEwen & Sons, bankers at said city, at par, upon condition that the proceeds thereof should be allowed by said common council to remain in their bank, and not be drawn out nor expended for any other purpose than the construction of said water-works, and no faster than was required for said purpose, said McEwen & Sons, in consideration thereof, agreeing to pay said city interest on said proceeds, at the rate of four per cent. per annum ; that the common council, with a full knowledge of the terms of such sales, ratified

and approved the same, and thereafter continuously recognized and regarded the terms and conditions of said sales, and did not draw from said bankers any of the proceeds of said bonds, for any other than water-works purposes, or any faster than was required for such purposes; that whatever was so drawn out by said common council was expended by them in the construction of said water-works, and none whatever of the proceeds of said bonds ever came into the possession of the appellee Hauser, as treasurer of said city, or in any other capacity; that all the proceeds of said bonds, not so expended by the common council before the 29th day of August, 1871, to wit, the sum of twenty thousand dollars, remained on said day in the hands of said McEwen & Sons, a debt from them to said city; and that, on said day, said McEwen & Sons suspended payment and became insolvent, and had at no time paid said city or the appellee Hauser, as treasurer of said city, or in any other capacity, any part of said debt, but they still owed the entire amount thereof to said city.

If the above recited facts are true, it is very clear, we think, that the appellant's relator has no claim or demand, either legal or equitable, against the appellees or either of them, by reason of the matters alleged in the complaint.

The paragraphs of answer were not objectionable by reason of the fact that copies of the proceedings and actions of the common council, therein referred to, were not filed therewith as exhibits. The minutes of the common council are only evidence of their proceedings and actions; but if no minutes or record of the acts of the common council have been kept, these facts may be proved by parol evidence, like any other facts. The old doctrine, that the acts of a corporation could be proved only by the record of its proceedings, has ceased to be the law; and the rule is now, that the authorized acts of a corporation are not

void, merely because there is no written evidence of them, and in such case their existence may be shown by parol evidence. *Ross* v. *The City of Madison*, 1 Ind. 281; *The School Town of Princeton* v. *Gebhart*, 61 Ind. 187, decided at the last term.

The court committed no error, we think, in overruling the appellant's demurrers to the several paragraphs of the appellees' joint answer.

3. The only remaining question, necessary to be considered in this case, relates to the sufficiency of the second paragraph of the appellant's reply to the joint answers of the appellees. To this paragraph, the appellees demurred upon the ground that it did not state facts sufficient to constitute a reply. In deciding this demurrer, the court did not pass upon the sufficiency of the second reply, but carried the demurrer back and sustained it as to both the first and fourth paragraphs of the complaint. This decision of the court, we think, was erroneous; as we hold that the first paragraph of the complaint stated facts sufficient to constitute a cause of action. In our opinion, the appellees' demurrer should have been sustained to the second paragraph of the appellant's reply. The reply does not respond to the appellees' defense, as shown in their joint answers. It neither admits nor denies, that the sale of the bonds were made upon the terms and conditions set forth in the answers. The reply seems to rely upon two different matters, as a sufficient response to the appellees' answers.

The first is, that there is no record evidence of any such actions of the common council, as are stated in the answers; and this, as we have seen, is inconclusive. In the absence of record evidence, the actions may be shown by parol.

The second matter, relied upon in the reply, is the report of the appellee Hauser, to the common council, of

the sales of the bonds to McEwen & Sons, and certain reports or statements made by said appellee Hauser, as treasurer, at different times, to the common council, of the condition of the fund derived from the sales of the said bonds. These reports and statements are thus set up as matter in estoppel. It seems to us that these reports and statements can easily and readily be reconciled with the matters alleged in the appellees' answer, and that, in any view, they are open to explanation, and are not matters of estoppel. Upon the theory, that the matters alleged in the appellees' answers are true, as therein stated, and that the water-works bonds of the city of Columbus had been sold to McEwen & Sons upon the terms stated in the answers, and that the moneys derived from the sales of said bonds had remained by contract in the hands of said bankers, and had not been actually received by the appellee Hauser, as city treasurer, any technical rule or doctrine, which would subject him and his sureties to any liability for such moneys, would receive but little favor or consideration from this court. We are not inclined to extend, and but little inclined to approve of, the rigid doctrine laid down by this court, as to the conclusive character of the official reports of certain officers, in the cases of *The State, ex rel., etc.,* v. *Grammer,* 29 Ind. 530, *Wilmer* v. *The State, ex rel., etc.,* 44 Ind. 223, *The State, ex rel., etc.,* v. *Prather,* 44 Ind. 287, and perhaps other cases. So far as we know, the doctrine of these cases has never been applied to the official reports and statements of the officers of cities incorporated under the general law of this State. We do not overrule the cases cited, but we simply decide that we will not extend the doctrine of those cases, and make it applicable to the official reports and statements of city officers to the common council of such city.

In our opinion, the facts stated in the second paragraph

of the appellant's reply were not sufficient to constitute a reply to the appellees' joint answers, and therefore we hold that the demurrer to said paragraph of reply ought to have been sustained by the court.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the demurrer to the second paragraph of the reply, and for further proceedings in accordance with this opinion.