May Term,
1855.

CARLISLE
v.
THE TERRE-
HAUTE AND
RICHMOND
RAILROAD
COMPANY.

---

CARLISLE *v.* THE TERRE-HAUTE AND RICHMOND RAILROAD COMPANY.

*A.*, by his note, promised to pay to the *Terre-Haute and Richmond Railroad Company* 200 dollars, in consideration that they would locate their depot on block 94 in *Indianapolis*, to be paid when the company should commence the construction of the depot. When the note was given the line of road provided for by the charter of said company extended from *Terre-Haute*, through *Indianapolis*, to *Richmond*, a distance of 150 miles. The company afterwards procured from the legislature, and accepted, an alteration of their charter, by which their line of road was limited to the distance between *Terre-Haute* and *Indianapolis*, being thus reduced in length one-half, and the other part of the line was placed under a separate corporation denominated the *Indiana Central Railway Company*, which constructed its road, and located its depot in another part of *Indianapolis*. The first-named company

constructed a freight-depot alone on said block 94. *A.* was not a stock-holder in the company nor a party to the charter.

*Held,* that by the alteration of the charter of the *Terre-Haute and Richmond Railroad Company* and the acceptance thereof by the company, the company became substantially a different corporation and were unable to perform the condition upon which the note was to become payable.

*Held,* also, that the circumstance that the depot located on block 94 was of some advantage to *A.* was of no importance.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—Assumpsit upon a promissory note as follows:

"For value received, I promise to pay to the *Terre-Haute and Richmond Railroad Company* two hundred dollars, without relief from valuation or appraisement laws, in consideration that they locate their depot on block 94 in *Indianapolis*, to be paid in flour at my mill when said company shall commence the construction of said depot. *May* 16, 1849. *John Carlisle.*"

The declaration avers that said company had located their depot on block 94, and commenced its construction; and also that they had been ready, at said *Carlisle's* mill, to receive, and had requested him to deliver, the flour mentioned, but that he had failed and refused, &c.

The defendant, *Carlisle,* pleaded the general issue; the cause was tried by the Court; and the plaintiff, the railroad company, had judgment on the note.

The evidence appears of record.

The facts material to the decision of the cause may be very briefly stated.

When *Carlisle* gave the note sued on, the line of road provided for by the charter of the *Terre-Haute and Richmond Railroad Company* extended from *Terre-Haute*, through *Indianapolis*, to *Richmond*, a distance, in round numbers, of one hundred and fifty miles. Subsequently the company procured from the legislature, and accepted, an alteration of their charter, by which their line of road was limited to the distance between *Terre-Haute* and *Indianapolis*, being thus reduced in length to seventy-five miles, one-half the original extent; and that part of the line from *Indianapolis* to *Richmond* was placed under a

May Term,
1855.

CARLISLE
v.
THE TERRE-
HAUTE AND
RICHMOND
RAILROAD
COMPANY.

separate corporation, called the *Indiana Central Railway Company*, which corporation has constructed the road, and located its depot in another part of the city.

The additional facts appear, that it was represented to *Carlisle*, as an inducement for his giving the note in question, that the depot to be erected was for freight and passengers, whereas but an indifferent freight depot had been built, the company having made a permanent arrangement for discharging passengers elsewhere; but these facts will not enter into the decision of the cause.

It is also shown that the freight depot actually erected is a benefit to *Carlisle*, but of much less benefit than would have been the depot for the whole line of the road.

As joint stock companies and partners can not use the joint property except within the scope of the original undertaking, without the consent of each member, so it appears to be settled that a corporation can not adopt a fundamental change in its charter, as regards the undertaking proposed originally, without releasing such stockholders as do not assent to the change. *Stevens* v. *The Rutland and Burlington Railroad Company*, 1 Am. Law Register 154.—*The Hartford and New-Haven Railroad Company* v. *Craswell*, 5 Hill (N. Y.) R. 383. This doctrine has been modified to some extent by the case of *The Schenectady and Saratoga Plank Road Company* v. *Thatcher*, 1 Kernan (N. Y.) R. 102, when applied in cases where the charter, as was the case in that of the *Terre-Haute and Richmond Railroad Company*, contains a clause allowing the legislature to alter or amend it by subsequent legislation. In such cases it is held that the stockholders becoming parties under the charter can not complain, at least, of such alterations as are not prejudicial to their interests. But it is not our purpose to discuss the question how far, under such a provision in the charter, alterations may be made without the consent of and without releasing stockholders. The doctrine can have no application in this case. *Carlisle* was not a stockholder— not a party to the charter. The alteration was greatly detrimental to him, and was fundamental. It severed, if

it did not annihilate the old, and created from the parts two new corporations. The change was sought by the company and not thrust upon it by the legislature. But we do not rest this case strictly upon these grounds. *Carlisle's* is a case of contract—contract with a particular company. He agreed to give the amount sued for to a corporation owning the line of a railroad from *Terre-Haute* to *Richmond* and intending to construct such road, if said corporation would locate its depot at a particular place. No such corporation has located a depot at the place named. A corporation to build a road from *Terre-Haute* to *Richmond*, one hundred and fifty miles, is substantially a different corporation from one created to build a road from *Terre-Haute* to *Indianapolis*, seventy-five miles. Hence the condition precedent in this case has in no manner been performed by the company, and the company to which the donation was subscribed is not suing to obtain it.

It is of no consequence that *Carlisle* is benefited, to some extent, by the depot located. Every property-holder in the city is more or less benefited by every depot constructed in it. Still, suits could not be sustained to recover for such benefits. Companies must locate their depots somewhere in business places for their own advantage, and without the request of any citizen; and the *Terre-Haute and Indianapolis Company* might have located theirs where it now is whether any donations had been offered or not. And if not at that point, at some other which would have equally benefited Mr. *Carlisle*. At all events, he might not have been willing, and has not agreed to give anything for the depot that has been located.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*L. Barbour* and *A. G. Porter*, for the appellant.

*J. Morrison* and *S. Major*, for the appellees.