May Term,
1857.

McCray
v.
The Junc-
tion Railr'd
Company.

McCray v. The Junction Railroad Company.

Where the state consents to the consolidation of two railroad companies by act of the legislature, the act of consolidation is not void; but stockholders not consenting thereto are released.

The relation between a railroad company and a stockholder, is one of contract; and any legislative enactment authorizing a material change in the powers or purposes of the corporation, not in aid of the original object, if acted upon by the corporation, is not binding upon the stockholder without his consent.

*Friday,
May 30, 1856.*

APPEAL from the *Union* Circuit Court.

*Per Curiam.*—In 1852, *McCray* subscribed stock in the *Junction Railroad Company*, it then having a charter for a road from *Rushville* to the *Ohio* state line.

In 1853, said company consolidated with another railroad company, having a charter for a road from *Rushville* to *Indianapolis*, without the previous or subsequent assent of *McCray*. An act of the legislature of *February 23, 1853*, gave the consent of the state. In 1855, the company sued *McCray* for his stock, and he resisted the payment, on the ground of the consolidation above mentioned.

As the state consented to the consolidation, the act of the companies in making it, is not void; but that act constituted so great a change in the companies committing it—bound them to so wide a departure from the original purpose of either company, that it furnished a cause for the discharge of stockholders not consenting to it. Nothing in the original charter of the *Junction* company, authorized so radical a change. See *Carlisle* v. *The Terre Haute, &c., Co.*, 6 Ind. R. 316; and *Fisher* v. *The Evansville and Crawfordsville Railroad Company*, at this term (1). In *Carlisle's* case, *supra*, one road was made into two. In this case, two roads are made into one (2).

The judgment is reversed with costs. Cause remanded for further proceedings, with leave to amend.

(1) 7 Ind. R. 407.

(2) See *The Troy and Rutland Railroad Co.*, 17 Barb. S. C. 581; *Banet* v. *The Alton, &c., Railroad Co.*, 13 Ill. R. 504; Pierce's American Railroad Law, 89 to 99, and cases cited.

May Term,
1857.

HAMILTON
v.
THE NEW-
CASTLE AND
DANVILLE
RAILR'D CO.

Wednesday,
June 17.

THE SAME CASE RECONSIDERED.

*Per Curiam.*—On the 5th day of the *May* term, 1856, the foregoing opinion was delivered, reversing the judgment below. On the 21st day of the same term, the decision was set aside, and the cause immediately submitted by agreement. Since then, we have carefully examined the main question, and we are all agreed that the judgment below should be reversed.

After the consolidation, it is so clearly not the same corporation to which *McCray* subscribed, that there is no room for argument. Unless he, in some way, consented to it, he is clearly discharged. The relation between a railroad company and a stockholder is one of contract; and any legislative enactment which, without his assent, authorizes a material change in the powers or purposes of the corporation, not in aid of the original object, if acted upon by the corporation, is not binding upon him. *Sparrow* v. *The Evansville, &c., Railroad Co.*, 7 Ind. R. 369. See, also, *Fisher* v. the same company, 7 Ind. R. 407, where the case of *Carlisle* v. *The Terre Haute, &c., Railroad Co.*, 6 Ind. R. 316, is referred to and approved.

So far as this Court is concerned, it must be regarded as *res judicata.* We are unanimous, that the judgment below should be reversed.