BOOE *v.* THE JUNCTION RAILROAD COMPANY.*

BOOE
*v.*
THE JUNC-
TION RAILR'D
COMPANY.

Where two or more railroad companies, with the consent of the legislature, granted subsequently to the subscriptions of stock, but without the consent of the stockholders, consolidate their separate existences into one, non-consenting stockholders are released, and may withdraw from the corporation.

*It seems,* that such consolidation does not necessarily dissolve the corporation.

Where the original charter of a railroad company, in such a case, provided that the legislature might make such amendments to the charter as the company might at any time desire,—*held,* that the amendments contemplated were such as might facilitate the construction of the road provided for in the charter, and not such as would, in effect, create a new company, for a different purpose. The word *company,* as there used, probably means the stockholders.

APPEAL from the *Fayette* Circuit Court.

*Wednesday,
December 2.*

PERKINS, J.—This suit involves the question decided in *Mc Cray* v. *The Junction Railroad Co.,* 9 Ind. R. 358. That question is, whether two railroad companies, by consent of the legislature, granted subsequently to the subscriptions of stock, but without the consent of the stockholders, can consolidate their separate existences into one. It is admitted that they can do it with such consent. This Court has held that they cannot without. A stockholder, not consenting, may withdraw from the corporation. Such consolidation does not necessarily dissolve the corporation, it seems, but releases non-consenting stockholders.

We adhere to the decisions heretofore made. We think, as a general proposition, that corporations cannot, unless authorized by their charters, enter into partnerships. If not, they cannot consolidate, as was attempted to be done in this case. See *Stevens* v. *The Rutland, &c., Co.,* 1 Am. L. Reg. 154, where the cases are reviewed.—*Carlisle* v. *The Terre Haute and Richmond Railroad Co.,* 6 Ind. R. 316.—*Sparrow* v. *The Evansville, &c., Co.,* 7 Ind. R. 369. —*Fisher* v. *The Evansville, &c., Co., id.* 407.—Redf. on Railw. 91 (1).

---

* The opinion in this case was delivered at the date in the margin, but it was afterwards recalled, and the case reconsidered. It was finally returned *April* 6, 1858.

Nov. Term,
1857.

Booe
v.
The Junc-
tion Railr'd
Company.

The original charter of the company, in the case at bar, contained this section: " Should the company at any time desire any amendment to this act, it shall be lawful for the legislature to make the same."

As to this clause, we think the most reasonable construction of it is, that it simply contemplated amendments that might facilitate the construction of the road provided for in the charter, and not such as should, in effect, create a new company for a different undertaking. Again, the amendment must be one desired by the company, which, probably, in that section of the charter, means the stockholders.

No doubt the two companies could form a through connection for running their roads, each retaining its own organization, defraying its own expenses, and receiving its own profits.

The judgment below must be reversed, and the cause remanded for another trial, in which the question whether the appellant had expressly, or by implication, assented to the consolidation may be determined.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. A. Fay,* for the appellant.

*S. W. Parker* and *J. C. McIntosh,* for the appellees.

(1) See, also, Pierce's Amer. Railr. Law, 89 to 99.