The Covington, &c., Plank Road Co. *v.* Van Sickle.

THE COVINGTON, &c., PLANK ROAD CO. *v.* VAN SICKLE.

A complaint against a plank road company in the nature of a *quo warranto*, should affirmatively show the date of the charter under, and organization by, which the company acts, in order that the Court may be informed whether the company is subject to the provisions of the laws of 1852 and 1859.

Such organizations, effected under the law of 1852, would be subject to the general control of the Legislature.

APPEAL from the *Fountain* Circuit Court.

HANNA, J.—*Van Sickle* filed his complaint, averring that he was a voter of the county. That appellant's road, describing it, "has been suffered to get out and remain out of repair, so as to be inconvenient for the public to travel for the space of six months, and that the same is not now being repaired, nor has he any reason to believe that the same will ever be repaired in whole or in part."

The proceeding appears to have been under the second section of the act of 1859, p. 171. The complaint does not show whether the company was organized under a special grant or under the general law; it was demurred to, and the demurrer overruled, and such proceedings had as resulted in a judgment of forfeiture, &c.

The only point presented is as to the sufficiency of the complaint in the absence of an averment as to the time of incorporation, or date of organization.

The averment quoted from the complaint indicates the provision of the act of 1859. By the general law of 1852, authorizing the organization of companies to construct such roads, if the same were suffered to go out of repair, so as to be impassable for the space of one year, unless when the same is being repaired, said company shall be liable to be proceeded against by *quo warranto*.

Keeping out of view the fact that the company may have

been acting under a special private charter, and looking to the law of 1852, and that of 1859, we see that the latter shortens the period within which repairs should be commenced, to avoid legal proceedings, as compared with the former, as well as designates a different degree of delapidation as authorizing such proceedings.

Should the plaintiff have shown by affirmative allegations that the company was in a position to be affected by the act of 1859? or is that act operative upon all organizations, under the law of 1852, because of the reservation therein of the right to alter, amend, or repeal said act? 1 R. S. 400.

We are of opinion that organizations that may have been effected under the law of 1852 would be, as to amendments, &c., under the control of the Legislature; but as we are not informed here as to the date of the charter under, or organization by which, this company was acting; the complaint was therefore bad, and the demurrer should have been sustained. *The Danville, &c.* v. *The State, &c.,* 17 Ind.

· *Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*J. Ristine* and *William H. Mallory,* for the appellant.