THE SHELBYVILLE AND RUSHVILLE TURNPIKE CO. *v.* BARNES.

TURNPIKE.—*Consolidation.*—The act of February 23d, 1859 (1 G. & H. 490 , relating to the consolidation of turnpike companies, only authorizes the consolidation of companies theretofore organized. There is no authority by which companies since organized can be consolidated.

SAME.—*Release of Stockholder.*—The consolidation of turnpike companies without the consent of the stockholders, even when authorized by statute, discharges the stockholders not consenting from the payment of subscriptions. The fact that the consolidated company bears the same name as the original company to which the subscription was made will not change this rule.

APPEAL from the Shelby Common Pleas.

DOWNEY, J.—Suit by the appellant against the appellee, and judgment on demurrer to the complaint for the defendant. The complaint was in two paragraphs, and the demurrers were for the reason that the paragraphs of the complaint did not state facts sufficient to constitute a cause of action. The sustaining of the demurrer is the error assigned. The paragraphs of the complaint need not be separately examined, as they are each liable to the objection urged, if it is a valid one. The first states that a turnpike company was organized, by the name of The Shelbyville and Little Blue River Turnpike Company, on the —— day of March, 1869, under the act of May 12th, 1852, and that the defendant subscribed to the capital stock thereof on the articles of association two hundred dollars, payable in such proportions as the board of directors might order. It also alleges the organization of another turnpike company by the name of The Shelbyville and Rushville Turnpike Company, under the same act, on the —— day of February, 1869, and that the defendant subscribed to the capital stock of said last named company on its articles of association, the sum of two hundred dollars, payable in like manner as the former. It is then alleged that each of the companies by its board of directors legally elected and acting as such, on the 7th day of September, 1870, did by mutual written agreement and articles of association, entered into and executed by each of

said companies, intersect, join, and unite the said gravel roads and line of route for the gravel road described above in the articles of association of each of said turnpike companies, neither of said roads at that time being completed, and both of them being in progress of construction; and did by said written agreement and articles of association then and there merge and consolidate the stock of said turnpike companies, making thereof one joint stock company of the two roads upon the terms agreed upon, as set forth in said written agreement, etc., so that the two companies form but one company which is known as The Shelbyville and Rushville Turnpike Company, etc. The directors of the consolidated company were, by the agreement, to consist of six persons, these to be selected by the board of directors of each company, from their own number. It is further stated that the board of directors of the consolidated company was selected accordingly, and that they fixed the amounts and time of the payments to be made by the defendant of the stock so subscribed by him, etc.; that they gave notice of the calls, and tendered him certificates of stock before suit brought, etc.; wherefore, etc.

The only statute to which our attention has been called relating to the subject of consolidating such companies is that of February 23d, 1859, 1 G. & H. 490. This act only authorizes the consolidation of companies theretofore organized, and cannot apply to the companies attempting to consolidate in this case, which were organized, as we have seen, in 1869. We are not aware of any authority by which such consolidation can be sustained where there is no statute authorizing it, and counsel for appellant has cited none. It has been several times decided by this court that a consolidation, without the consent of the stockholder, even when authorized by statute, furnishes a cause for the discharge of the stockholders not consenting. *Carlisle* v. *The Terre Haute, etc., Railroad Co.*, 6 Ind. 316; *Fisher* v. *The Evansville, etc., Railroad Co.*, 7 Ind. 407; and *McCray* v. *The Junction Railroad Co.*, 9 Ind. 358.

It is suggested, however, that as the name of the corporation suing is the same as that to which the defendant promised to pay one of the sums of two hundred dollars, the action as to that is well brought. We cannot see how this can be so. The directors of the original Shelbyville and Rushville Turnpike Company, to which the defendant promised to pay two hundred dollars, never fixed the amounts in which, or the times when, the payments should be made. This was done by the directors of the pretended consolidated company, who were not authorized to act, or pretending to act, for the separate companies.

The judgment is affirmed, with costs.

*B. F. Love, M. M. Ray, G. H. Voss, B. F. Davis*, and *J. A. Holman*, for appellant.

*A. Major* and *S. Major*, for appellee.