The Crawfordsville and Southwestern Turnpike Company v. Fletcher.

Filed Nov. 24, 1885.

———————◆———————

No. 12,206.

THE CRAWFORDSVILLE AND SOUTHWESTERN TURNPIKE COMPANY v. FLETCHER.

GRAVEL ROAD.—*Act of 1859.*—*Constitutional Law.*—The act of 1859, entitled "An act to prohibit the collection of tolls on gravel, turnpike, macadamized and plank roads, in certain cases, and to provide the mode of declaring charters of such roads forfeited in certain cases, and

| | |
|---|---|
| 104 | 97 |
| 129 | 539 |
| 104 | 97 |
| 130 | 444 |
| 104 | 97 |
| 133 | 526 |
| 133 | 637 |
| 104 | 97 |
| 136 | 571 |
| 104 | 97 |
| 138 | 818 |
| 104 | 97 |
| 152 | 7 |
| 152 | 1ª |
| 104 | 97 |
| 171 | 707 |

repealing all laws inconsistent therewith," Acts 1859, p. 170, embraces. but one subject, and is constitutional.

SAME.—*Amendatory Act of 1875.*—*Forfeiture of Franchises.*—*Statute Construed.* —The act of 1859, as amended by the act of 1875, Acts 1875, Reg. Ses., p. 75, confers authority on the courts to enter a judgment of forfeiture of.corporate franchises, against a gravel road company, for allowing its road to be and remain out of repair for the space of six months. or more.

SAME.—*Complaint to Forfeit Franchises.*—*Judicial Knowledge.*—*Presumption.* —A complaint to forfeit the franchises of a gravel road company must state when or under what law the corporation was organized, as the court can not judicially know, nor can it be presumed, that a private corporation was organized under the general law.

SAME.—*Consolidation.*—An averment in a complaint in such case, that the corporation was formed of two corporations by consolidation in 1878, and the statement by way of recital, in giving the lines of the road, that one point of the line intersects the corporate boundary of a city "as such corporate limits existed in the year 1860," do not show when the corporations were organized.

SAME.—*Rights of Consolidated Corporation.*—Under the statute authorizing. gravel road corporations to consolidate, sections 3662, 3663, R. S. 1881,. the consolidated corporation succeeds to the rights of the constituent corporations.

PLEADING.—*Private Statute.*—Private statutes must be pleaded, as the courts do not take judicial knowledge of them.

STATUTE.—*Rule of Construction.*—In construing a statute, courts will look to all parts of the same statute, to other statutes, and to the general principles of law, and assign such meaning to the words of the statute construed as will make them all effective, unless by so doing the purpose of the Legislature will be defeated.

From the Montgomery Circuit Court.

*G. W. Paul, J. E. Humphries, P. S. Kennedy* and *S. C. Kennedy,* for appellant.

*A. D. Thomas* and *J. R. Courtney,* for appellee.

ELLIOTT, J.—The appellee's complaint alleges that the appellant is a gravel road company, formed by a consolidation of the Crawfordsville and Alamo Turnpike Company and the Crawfordsville and Parkersburg Gravel Road Company,. and that the consolidation was effected in 1878. The lines of the consolidating companies are described, and it is averred that "The defendant's road has been suffered to get and re-

main out of repair, so as to be inconvenient for the public travel for the space of six months and more last passed; that said road is not being repaired; that plaintiff has no good reason to believe that said repairs will be speedily made, and that he is a legal voter of Montgomery county, through which the road runs."

The complaint is assailed upon several grounds, the first of which is, that the statute. on which it is based is unconstitutional. This position rests upon the proposition that the statute embraces more than one subject, and is, for this reason, in conflict with the constitutional provision reading thus: " Every act shall embrace but one subject and matters properly connected therewith." In our opinion this position is untenable. The title of the act of 1859 is as follows: "An act to prohibit the collection of tolls on gravel, turnpike, macadamized and plank roads, in certain cases, and to provide the mode of declaring charters of such roads forfeited in certain cases, and repealing all laws inconsistent therewith." Acts 1859, p. 170.

The subject of this act is the effective prohibition of the right to exercise the franchise of collecting tolls. The subject of the act is general, but there is only one general subject, and that is, the effective prohibition of the collection of tolls by corporations who disregard the law. The means of effecting this purpose are diverse, but there is no want of unity on the subject. One of the means of effecting the end sought to be attained is the denial of the right to collect tolls in case the law is disregarded; the other method is by wresting from the delinquent corporation its franchises; but both of these methods are directed to the attainment of one general purpose, and are both connected with the subject of the act. A statute embracing a single subject is constitutional, no matter how fully it may enter into the details of that subject. *Warren* v. *Britton*, 84 Ind. 14; *Bitters* v. *Board, etc.*, 81 Ind. 125; *Shoemaker* v. *Smith*, 37 Ind. 122.

The second objection urged against the complaint is, that

the statute, as amended in 1875, does not authorize a judg-ment of forfeiture, and that, for this reason, the complaint is without foundation. The argument of counsel upon this point is plainly fallacious. They assume that the amended section must be construed as if it stood alone as an independent and distinct statute, and they ignore the doctrine that courts in construing statutes will look to all parts of the same statute, to other statutes, and to general principles of law. They also lose sight of the important rule that courts in construing statutes will look to the purpose intended to be accomplished and the evil intended to be remedied. It is seldom, indeed, that courts look no further than the naked words of a statute. We have a great number of cases in our own reports illustrating and enforcing rules of construction exactly the opposite of the doctrine which counsel tacitly assume to be the correct one, among them the following: *Humphries* v. *Davis*, 100 Ind. 274 (50 Am. R. 788), see auth. cited, p. 284; *Swails* v. *Swails*, 98 Ind. 511, see p. 512; *Krug* v. *Davis*, 87 Ind. 590, see auth. cited p. 596; *Bell* v. *Davis*, 75 Ind. 314.

The purpose which the statute under examination was designed to accomplish is apparent, for it can not be doubted that the Legislature meant to provide a method for depriving corporations who are remiss in their duties of all corporate franchises and privileges. It is very evident that it was not intended to leave courts with power to render a judgment that they could not enforce, and this would be the result if appellant's view that the only judgment that the court can pronounce is, that the road is out of repair, should be adopted. We do not believe that the Legislature meant to do no more than confer authority to render a judgment that would be nugatory and not enforceable. Our opinion is that the purpose of the Legislature was to invest the court with authority to pronounce an effective judgment, and this includes the power to declare a forfeiture for the designated breach of duty.

Taking into consideration the whole statute, and looking

to the purpose of the Legislature, we do not doubt that the power to declare a forfeiture is vested in the courts. The statute is directed against delinquent corporations, and its general purpose is to compel a performance of duty by affixing the penalty of forfeiture for a violation of corporate duties. The section of the statute under immediate mention is one of several directed to the accomplishment of one general purpose, and it prescribes one method of several of accomplishing this purpose. That the statute is intended to confer authority to enter judgment of forfeiture, and is to be taken as an act directed to the accomplishment of one general purpose, is evident from many provisions found in it. Thus, in one place it is declared, "That in all cases where the court shall declare a forfeiture under the provisions of this act, such forfeiture shall in no wise affect any right, contract, suit or liability which existed prior to such forfeiture." In another place it is provided that, "Whenever any forfeiture of chartered or incorporated rights shall be declared, under the provisions of this act, it shall be held to be a vacation of so much of said road as may be declared forfeited." These provisions, and others of a like general character, plainly show that the act is to be considered as a whole, that its general purpose is to confer authority to adjudge forfeitures, and that one section is not to be isolated from the others. In the amended section we find this clause: "*Provided, however,* such forfeiture shall only apply to so much of said road lying in such county as has been proven to be out of repair, as set forth in the second section of this act." Acts 1875, Reg. Ses., p. 75. Here is an express recognition of the unity of purpose of the act, and a full legislative recognition of the authority to pronounce a judgment of forfeiture. The clause quoted can not be disregarded nor treated as meaningless, for the general rule is, that all the words of a statute shall be deemed effective and shall have a meaning assigned them, unless by so doing the purpose of the Legislature will be defeated. Here, it is necessary to give the words a meaning,

in order to execute the legislative intention and to effectuate the purpose of the Legislature. To refuse to assign these words a meaning would frustrate the legislative intention and violate the rule that all of the words of a statute must be given effect.

It is quite clear from the language and purpose of the amendment of 1875, that there was no intention to make a change in the general system constructed by the statute, but that it was intended to make a change only in detail, by giving the delinquent corporation an opportunity to avert a forfeiture by making repairs after the rendition of the interlocutory judgment declaring the road to be out of repair.

It is obvious that the judgment declaring the road to be out of repair is an interlocutory and not a final judgment. To declare the road out of repair is not to finally dispose of the action; some other judgment is plainly contemplated. There can be no final judgment until after the judgment declaring the road to be out of repair, and certainly the final judgment must be something more than the interlocutory one. We must hold that the statute authorizes a judgment of forfeiture, or else hold that no final judgment at all is contemplated, and such a conclusion would not only defeat the purpose of the act, but it would also do violence to its language.

In giving to the act the construction adopted, we do not insert any provisions which we think were omitted by mistake, we simply take the statute as it is written, examine all of its provisions, and, proceeding according to long settled canons of construction, ascertain and declare the intention of the law-making power. We neither add to nor subtract from the provisions of the statute, but taking them all into consideration, we give effect to the legislative intention as expressed in the statute. The case is not one in which there is such a lack of words as to render the statute ineffective or the intention of the Legislature unexpressed, for there are

appropriate words, although not the clearest that might have been chosen, and the intention is not doubtful or obscure.

The third objection to the complaint is that it does not state under what law the corporation was organized. This objection presents a question not entirely free from difficulty. It has long been the rule in this State that in cases of this character the complaint or information must state under what statute the corporation was organized. *Danville, etc., P. R. Co.* v. *State, ex rel.*, 16 Ind. 456; *Covington, etc., P. R. Co.* v. *Van Sickle*, 18 Ind. 244. The reason for these decisions appears in the case first cited, and from the opinion there given we make this extract: " Under our statute, then, when a corporation does, or omits, acts which amount to a forfeiture of its charter, or exercises powers not conferred by such charter, an information may be sustained against it. But if the court is not made acquainted with its charter, so as to know what act it is required to perform, or omit, how can the court determine whether the corporation has been guilty in these particulars, or not ? If we had but one general public statute under which plank road companies could be acting, then it would not be necessary for an information to make averments showing the law governing the given corporation, because the court would take judicial notice of it. But special turnpike and plank road charters existed under the old Constitution, and were continued in existence by the new. *City of Aurora* v. *West*, 9 Ind. 74; 1 R. S. 1852, p. 70. Then we had a general plank road law in 1852, which defined the powers and duties of corporations formed under it, and contained an invitation to those previously existing to adopt its provisions, in lieu of their then charters. 1 R. S. 1852, 394. In 1855, still a different general plank road law was enacted. Acts 1855, pp. 147, 148. See *The State* v. *Royster*, 10 Ind. 426. Further changes have been subsequently made. Now, though it is the duty of the court to judicially know the provisions of these charters enacted under the new Constitution, it is not the duty, nor is it in the power, of the court to judicially

The Crawfordsville and Southwestern Turnpike Company *v.* Fletcher.

know the fact as to whether a given corporation was created under one, or the other; or whether, if created under one, it has subsequently accepted of the provisions of the other."

There are strong reasons supporting the rule announced in these cases. If a corporation existing under a private charter is required to construct a road in a certain manner, courts can not adjudge a forfeiture unless they are informed that the corporation has omitted to do what its charter requires, and this they can not know without information of the requirements of the charter. If private corporations are invested with rights, these can not be taken from them by subsequent statutes, and whether they are invested with such rights can only be ascertained by an inspection of their charters. Whether corporations were created by a general law or by private statute can only be determined from the facts placed before the court. Corporate franchises can not be forfeited except in clear cases, and a party who demands a forfeiture must present all the facts essential to the right to enforce a destruction of the corporate franchises. These are all important considerations, and well support our decisions. But here, too, we have a case where the rule of *stare decisis* is of controlling force. We can not, as is evident from these reasons, overrule the decisions referred to.

The cases of *House* v. *City of Greensburg*, 93 Ind. 533, *Bessonies* v. *City of Indianapolis*, 71 Ind. 189, *City of Logansport* v. *Dick*, 70 Ind. 65 (36 Am. R. 166), *City of Brazil* v. *McBride*, 69 Ind. 244, *State, ex rel.*, v. *Hauser*, 63 Ind. 155, *Town of Brazil* v. *Kress*, 55 Ind. 14, *Lowrey* v. *City of Delphi*, 55 Ind. 250, do not overrule the cases heretofore cited.

In the cases of *Danville, etc., P. R. Co.* v. *State, ex rel., supra,* and *Covington, etc., P. R. Co.* v. *Van Sickle, supra,* the question was, as here, the right to adjudge a forfeiture of corporate franchises, but in the former cases no such question was involved. In this case the life of the corporation is at stake, and a very different rule applies to such cases from

those which obtain in ordinary actions for torts or upon contracts.

The cases relied upon by the appellee can not apply here, nor to the class of cases of which the present is a member. The general presumption is in favor of the legality of corporate acts, and certainly this presumption must be one of controlling importance in a case where a different presumption would result in the destruction of the corporation. Until the contrary appears, we must presume that there were no illegal acts, and this presumption can only be overcome by showing that the corporation wrongfully omitted to do what its charter required, or did something forbidden by law. A presumption ought not to be made that may cost a corporation its life without facts clearly and fully sustaining it. It is only in clear cases, and upon a full statement of all material facts, that a forfeiture of corporate franchises will be adjudged. An expression of this general doctrine will be found in *Moore* v. *State, ex rel.,* 71 Ind. 478, where it was said: "The rights, privileges and franchises of such corporations, we think, should not be declared forfeited, and they should not be ousted and excluded therefrom, except for solid, weighty and cogent reasons, for the violation of a positive and prohibitory statute, and not of a statute whose provisions are permissive and apparently directory, and never upon merely technical grounds." We hold that it can not be presumed in such cases as the present that a private corporation was incorporated under the general law, and that the complaint must show by proper averment when the corporation was organized or under what law the corporation was created.

The question remaining for decision is: Does the complaint show under what law the corporation was organized? Appellee affirms that it does, because it avers that the corporation was formed of two corporations by consolidation in 1878. The complaint shows nothing more than that there was a consolidation of two corporations; whether these con-

stituent corporations were organized under general laws or special charters, is not stated. Consolidations can take place only by virtue of a statute, and in accordance with its provisions. The authority to consolidate may be given in the original charter or in subsequent statutes; but the legislative sanction must be given in some legal form. Morawetz Private Corp., sections 544, 545; Field Corp., section 387; *Booe* v. *Junction R. R. Co.*, 10 Ind. 93; *State, ex rel.,* v. *Bailey,* 16 Ind. 46; *Shelbyville, etc., T. P. Co.* v. *Barnes,* 42 Ind. 498. It is sometimes said that the consolidation of two corporations creates a new corporation, and in a general sense this is perhaps true, but, practically, the question is one of statutory construction, the effect of the consolidation depending upon the provisions of the statute authorizing it. A recent writer thus states the rule: "The constitution or charter and the franchises belonging to a corporation formed by the consolidation of two other corporations depend wholly upon the act under which the consolidation takes place. The question whether the corporation so formed is a *new* corporation, within the meaning of a particular act of the Legislature, is merely a question of statutory construction." Morawetz Private Corp., section 546. Field Corp. (Wood's ed.), section 394, authorities cited in note. This is substantially the rule sanctioned by our own decisions. *McMahan* v. *Morrison,* 16 Ind. 172; *Paine* v. *Lake Erie, etc., R. R. Co.,* 31 Ind. 283. The general rule is that the consolidated corporation succeeds to the rights of its constituent corporations, unless the statute otherwise provides. *Scott* v. *Hansheer,* 94 Ind. 1; *Indianapolis, etc., R. R. Co.* v. *Jones,* 29 Ind. 465; *Paine* v. *Lake Erie, etc., R. R. Co., supra.* Even where there is no statute saving to the consolidated corporation the rights of its constituent corporations, courts can not know what the rights of the consolidated corporation are without information as to the rights and duties of the corporations of which it is composed, but the statute authorizing gravel road corporations to consolidate expressly preserves to the consoli-

dated corporation the rights of its constituent corporations. R. S. 1881, sections 3662, 3663.

The complaint does not state any facts enabling the court to ascertain what rights passed to the corporation consolidated by the union of the two existing corporations. For aught we know, or can know, the constituent corporations may have been protected by their charters from the operation of all general laws, or their duties may have been different from those contemplated by the general law, or their charters may have provided special methods for proceeding to forfeit their corporate franchises in case of a breach of duty. We can not presume in cases where corporate franchises are sought to be destroyed, that the constituent corporations were not protected by their charters. In cases of this class pleadings are not to be construed liberally; on the contrary, they are to receive a strict construction against the party seeking to enforce a forfeiture. *Western Union Tel. Co.* v. *Axtell*, 69 Ind. 199, see p. 202. In the case cited it was said: " The appellee insists, as the courts must notice the corporation of appellant as part of their public knowledge, that they must also know that it is ' engaged in telegraphing for the public.' We do not approve of this view. A court can not create a penalty by construction, but must avoid it by construction, unless it is brought within the letter and the necessary meaning of the act creating it."

It is urged by the appellee that the complaint shows when the corporations were organized, because in giving the lines of the road it states that one point of the line intersects the corporate boundary of the city of Crawfordsville, " as such corporate limits existed in the year 1860." Even this fact is stated by way of recital, and it is well settled that material facts must be directly averred. *Jackson School Tp.* v. *Farlow*, 75 Ind. 118. The facts must be stated so that the court can determine what law applies, and recitals and conclusions can not supply the place of positive averments of fact. *Hain* v. *North-Western G. R. Co.*, 41 Ind. 196. But even the recital

relied on is so indefinite as to furnish no basis for ascertaining the date the corporations were created, for the corporation line referred to might have existed long anterior to 1860.

It is a familiar rule of pleading that private statutes must be pleaded, as courts do not take judicial notice of them. If a corporation exists by private statute, the courts can not take notice of the statute unless it is pleaded. Where there is no averment as to the time a corporation was organized, it is impossible for the court to determine whether the statute should or should not be pleaded, for if the date given shows that the corporation was organized under a general law, then the law need not be pleaded; but if it was organized under a special or private statute, it is otherwise. This familiar rule proves the necessity of requiring a plaintiff, who seeks to enforce so stern and severe a remedy as that of forfeiture, to aver the date of the organization of the corporation whose rights are in peril.

It is not imposing a heavy burden on the plaintiff to require him to state the date of the organization of the corporation, and it is much more reasonable to put this slight burden on him than to make presumptions against a corporation struggling to avert a dissolution.

For the defect in the complaint pointed out the judgment must be reversed.

Judgment reversed.

Filed Sept. 19, 1885; petition for a rehearing overruled Nov. 20, 1885.